## WOFFORD v. ISAAC BELL, Inc.
### No. 1266.

Court of Appeal of Louisiana. First Circuit.
Jan. 22, 1934.

Modisette & Adams, of Jennings, for appellant.

Williams & Blackshear, of Oakdale, for appellee.

ELLIOTT, Judge.

Jesse C. Wofford alleges that he sold and delivered hardwood timber to Isaac Bell, Inc., during the years, 1929, 1930, and 1931, and that there remains a balance of $140.93 due him on said account.

That Isaac Bell, Inc., through its officers, has often acknowledged said indebtedness, during the past three years, both verbally and in writing, promising to pay it, but has not done so. That it is impossible for him to furnish books or an itemized account, but an account, covering the amount due him, is in the possession of Isaac Bell, Inc.

Defendant for answer denies that it is indebted to plaintiff, denies that it has acknowledged and promised to pay the amount claimed by plaintiff, denies that said indebtedness remains unpaid, denies that it has any books or accounts belonging to plaintiff; but alleges that it has its own books and accounts.

It further alleges that plaintiff owed it for the use of teams, tractor, and services in logging and piling operations in the sum of $48.43; that plaintiff is entitled to credit for $27.39, leaving $21.44 still due, which it claims of plaintiff in reconvention.

There was judgment in favor of the plaintiff and against the defendant for $132.60. Defendant's demand in reconvention was rejected as in case of nonsuit. Defendant has appealed.

Appellant, upon appearing in this court, moved for a continuance urging as grounds therefor that its present counsel were not its counsel in the lower court; that another case entitled Isaac Bell, Inc., v. Jesse C. Wofford has been tried in the lower court and is under advisement by the same judge, who rendered the judgment appealed from, and that the case under advisement involves and has to do with the same transaction involved in the present suit and should therefore be consolidated therewith in this court and the two cases considered together; that counsel for appellant have been so busily engaged in other matters that they have not had time to prepare briefs in the present case. Appellee opposes the continuance.

If we should suppose that another case, involving the present case, is under advisement in the lower court, no good reason occurs to us why we should wait to learn whether it will be appealed to this court or not. The representation made on the subject of continuance is not sufficient. The continuance is refused.

Appellee, answering the appeal, alleges that it is frivolous; and prays that appellant be

required to pay 10 per cent. on the amount of the judgment appealed from as a penalty for having taken an appeal.

The plaintiff, Wofford, kept no account, and has no written data nor memoranda, but relies on his memory. Plaintiff testifies that Isaac Bell, Inc., owes him the amount claimed, but his demand is mainly supported by a written statement, addressed to Isaac Bell, Inc., bearing date, July 12, 1930, and which he says was prepared and written by Isaac Bell, president of defendant. The name, Jesse Wofford, was affixed to the document, apparently by the same hand that wrote it, but J. C. Wofford signed his name to it with a lead pencil. The document was then recorded in the Mortgage Book of the parish of Allen.

Plaintiff testifies that Isaac Bell took it to the recorder and caused it to be recorded. Plaintiff's claim that Isaac Bell took the document to the recorder and caused him to record it in the Mortgage Book is supported by the testimony of Dennis Moore, clerk of court.

Mr. Bell, questioned about this document, which shows on its face a balance of $118.13 due the plaintiff by Isaac Bell, Inc., on July 12, 1930, and 1,900 feet of hardwood timber, claimed by plaintiff in addition, and, asked if he wrote it, stated, after examining it, that he did not remember it. Pressed to say whether or not he wrote it and had Wofford to sign it, he answered, "I sure don't," but asked immediately afterwards: "Q. Is that your handwriting? A. It looks like it." The entire testimony of Mr. Bell on the subject is evasive. He would not admit that the document produced by plaintiff was in his handwriting, nor would he deny the fact, claiming that he did not recollect. did not know, etc.

The case was tried October 27, 1932, a little more than two years and four months after the date of the document. Mr. Bell's memory, concerning checks and settlements he claims to have had with plaintiff in June, 1931, contrasts sharply with his inability to remember this document, which we are satisfied was prepared by and is in the handwriting of Isaac Bell, president of Isaac Bell, Inc. The plaintiff testifies that the declaration, made in this document, that, in addition to the $118.13, there was also at the time 1,900 feet of hardwood, belonging to plaintiff, was also correct; that defendant sawed up this 1,900 feet of timber and converted it to its own use, and that it was worth $14 per M.

Defendant in its answer makes no express plea of payment, but on the trial of the case introduced evidence, showing dealings between plaintiff and defendant during the years 1930 and 1931. No dealings were shown to have taken place in 1929, so plaintiff was in error in his allegations in that respect. Defendant's main defensive effort is that it bought timber from plaintiff in 1931 on several occasions, but had paid him in full and owed him nothing; that the indebtedness indicated on the statement of July 12, 1930, had been paid, and that settlements were evidenced by checks and marginal declarations written thereon at the time. This evidence was received without objection.

Defendant offered in evidence 3 checks: One for $84.12, dated May 6, 1931, payable to plaintiff or order, signed by Oscar Bell, and there appears in the lower left-hand corner, written apparently by the same hand that wrote the check, a statement, which reads: "As a full settlement for stumpage of car, M. P. 62,788 and 72,900, Isaac Bell, Inc. sold to F. B. Odom." Another for $254.79, dated June 6, 1931, payable to J. C. Wofford or order, signed Severine Bell, Isaac Bell, and in the lower left-hand corner appears as data, "M. P. 68931, 60087, 62975." Another for $116.63, dated June 12, 1931, payable to J. C. Wofford or order, signed Oscar Bell, and there appears in the margin of the lower left-hand corner, written apparently by the same hand that wrote the check, "Settlement in full to date a/c." Two of these checks are signed Oscar Bell, one Severine Bell and Isaac Bell. None appear to have been signed by Isaac Bell, Inc. These checks are about 11 months in date subsequent to the statement of July 12, 1930.

Isaac Bell says that he had his brother, Oscar, pay the amount due plaintiff. Neither Oscar nor Severine was called as a witness.

As for Isaac, the record shows that, having testified that the $118.13 and the 1,900 feet of timber in addition thereto, belonging to the plaintiff, had been paid for, he was then asked why he did not have the privilege canceled, which resulted from the registry, which had been made of the document of July 12, 1930, in the Mortgage Book, and he replied, that he had forgotten about it. At the conclusion of the trial he was asked by the court: "Q. Can you explain why it was, that you admitted on July 12th., 1930, that you owed him $118.13, which was five days after all these items on the books? A. It must have been a mistake on the date of the statement."

His recollection was so poor, concerning the document of July 12, 1930, which we are convinced he prepared and wrote himself, and so unreliable concerning other matters, which a man ordinarily would distinctly remember, that it is not safe to act on it as authority for holding that any of the checks produced or the marginal writings thereon are in settlement of the indebtedness admitted on July 12, 1930.

If the 1,900 feet of logs were worth $14 per M, the amount due plaintiff would be $144.73. The lower court allowed $132.60. The plaintiff is satisfied, as he makes no request in his answer that the amount be changed.

Defendant's brief contains a statement, "In connection with this same transaction there is a receipt of Jesse C. Wofford for $118.16,

dated July 3rd., 1930." We are unable to find such a receipt in the record, but, suppose such a receipt had been produced, its date would have been 4 days prior to the statement of July 12, 1930.

The defendant urges a demand in reconvention for $21.44, claimed as a balance due for various items. The lower court rejected the demand as in case of nonsuit. Defendant urges that it should have been allowed. We have weighed the evidence on the subject, and think that the demand was properly rejected as in case of nonsuit.

The appeal is not frivolous. Plaintiff's demand for penalty is refused.

The judgment appealed from is against Isaac Bell. It should have been against Isaac Bell, Inc. Isaac Bell, Inc., is substituted in the judgment for Isaac Bell, and, as thus amended, the judgment appealed from is affirmed. Defendant-appellant to pay the costs in both courts.