**ISAAC BELL, Inc., v. WOFFORD.**

**No. 1340.**

Court of Appeal of Louisiana. First Circuit.
June 30, 1934.

Modisette & Adams, of Jennings, for appellant.

Williams & Blackshear, of Oakdale, for appellee.

LE BLANC, Judge.

At the beginning of the year 1930, the plaintiff and defendant herein entered into some business relations covering the sale and hauling of logs and timber, and, as a result of their operations, plaintiff claims in this suit, according to the statement produced by it and attached to its petition, that the defendant is indebted unto it in the sum of $335.-55 as a balance due on the statement of account between them. This statement involves 106 different items.

The defendant for answer pleads against every item, either that it is not due or has been paid or that it is included in some special defense which he makes. As a result of his investigation of the account, defendant shows and avers, in his answer, that plaintiff was indebted unto him in the sum of $1,392.75, and, deducting the amount claimed of him as a balance by the plaintiff, there is still due him the sum of $1,057.50. Assuming the position of a plaintiff in reconvention, he prays for judgment against the plaintiff for this last amount.

On the first hearing of the case, the trial judge, after carefully going over each and every item and allowing proper debits and credits, found a balance due in favor of the defendant in the sum of $40.67, for which amount he rendered judgment on the latter's reconventional demand against the plaintiff. On considering a motion for rehearing, however, the judge noted an error had been committed by allowing the defendant a credit in the sum of $118.13 on an item which had been included in a judgment rendered in favor of the defendant against the plaintiff in a previous suit between the same parties

and which was on appeal to this court at the time. See Jesse C. Wofford v. Isaac Bell, Inc. (La. App.) 152 So. 118. To correct the error, it became necessary for the trial judge to recast the judgment, which then left a balance in favor of the plaintiff, of the difference between the $118.13 awarded defendant in the former suit and the sum of $40.67 as awarded in this proceeding. The difference was the sum of $77.46, for which amount judgment was rendered in favor of the plaintiff, with interest and costs. In a motion for rehearing, defendant alleged that he was entitled to judgment for the sum of $118.13, notwithstanding the judgment in the previous suit and also that the judgment should have awarded him a larger amount. The court adhered to its judgment as modified on the first rehearing, however, and defendant took this appeal.

■ We find no brief in the record on behalf of the defendant, and, at the time the case was argued and submitted, his counsel made no appearance to urge a reversal of the judgment. There has been no error pointed out in the judgment as far as the claims of the defendant are concerned, and the presumption is that it is correct. Plaintiff has answered the appeal, however, and avers that the district judge was in error in not allowing items Nos. 79, 99, 100, 102, and 103 of the account. These five items total the sum of $320.80, and plaintiff asks that the judgment be amended by increasing it to that amount.

The learned district judge, as already stated, has in a written opinion carefully and painstakingly analyzed the account, commenting of the testimony in connection with each item where it was necessary, and, in the absence of any showing on the part of the defendant to the contrary, we are certainly not prepared to say that he has committed any error in so far as the latter is concerned.

■ Taking up the five items on which the plaintiff complains, we find they involve for the most part matters of proof, on which, of course, great weight attaches to the findings of the trial judge. The first is item No. 79, alleged to cover the sale of certain lumber to the defendant on an estimate said to have been made by one George Deaton, who was with the Powell Lumber Company of Lake Charles. The item is fully detailed in the account. For answer to this item, the defendant pleads that "it is not owed, settlement having been made of this matter at the time." Plaintiff supported the item by the testimony of Mr. Isaac Bell. The defendant, when called to testify concerning it, does not say, as he had pleaded, that it was not due because settlement had been made, but he positively denies that he ever bought the lumber. The trial judge held that plaintiff had not established the item by a preponderance of evidence mainly because Mr. Deaton, who is alleged to have made the estimate and who could have corroborated Mr. Bell's testimony, was not called as a witness, and his absence as such is not explained. In view of the conflict between the plea of the defendant and his testimony regarding this item, which cannot be reconciled, in our opinion, we think that the district judge laid a bit too much stress on the absence of proof in support of Mr. Bell's testimony. The defendant's plea on this item was a special plea which placed the burden of proof on him, and, instead of carrying that burden, he produced only his own testimony, which was at variance with his plea. We hold, therefore, that this item, amounting to $45.45, should have been allowed, and should be included in the amount of the judgment awarded in plaintiff's favor.

■■ Item No. 99 covers a claim for 241 ties which it is alleged were taken by the defendant from plaintiff's premises without his knowledge or consent and sold to Barber Bros. Construction Company at Kinder, La. The amount claimed is $144.60. The defense to this item is that these ties were cut by plaintiff out of timber belonging to defendant, without his knowledge or consent, that they were cut out of season and were cull ties, and that, when defendant discovered that they had been made out of his timber, they entered into an agreement under which the ties would be divided equally between them, which was done.

On this item again we have a special defense under which settlement is claimed by an agreement between the parties, and again defendant carried the burden of proof. The district judge held that plaintiff had been unable to establish its claim that defendant had hauled off any of its ties. The defendant admits himself taking what he claims was his half of the ties under the agreement urged by him under his special defense, but the proof is very unsatisfactory with regard to what the actual number of ties so taken was. However, we are of the opinion that the allowance or rejection of this item depends on the support that is given to the alleged agreement under which defendant claims it was adjusted, and, as he has failed in his proof, we think the defense was improperly sustained. Defendant alone testifies with regard to such an agreement, and his testimony is

contradicted by that of Mr. Bell, with whom the alleged agreement is said to have been made. Under the pleadings and the proof on this item, we think that there was error in the judgment and that the same should have been allowed.

■ Item No. 100, amounting to $47.75, involves a claim for ties said to have been sold to Mills Engineering Construction Company. The contention of the plaintiff with regard to this claim is that defendant should be charged with it, for the reason that he objected to payment being made by Mills Engineering Construction Company to plaintiff. On this item, we thoroughly agree with the learned trial judge that there is no reason appearing from the record why the defendant should be made to pay for ties that plaintiff sold and delivered to some other person. That item was properly rejected.

Item No. 102 for $33 is of the same nature as item No. 100, and involves a sale of 55 ties to the Gulf Coast Lines. With regard to that item, the district judge states, in his written opinion: "Bell testified Wofford claimed the Gulf Coast Lines owed him for the ties, and plaintiff charged Wofford with them. Wofford denied that he ever made any such claim, and I am at a loss to understand how it can be seriously urged that Wofford should be charged with the price of these ties, which it is admitted by everybody, is owed by the Gulf Coast Lines." Those we find were sufficient reasons for rejecting that item.

■ The last item is No. 103, $50 for recording papers, liens, attorney's fees, traveling expenses, automobile expenses, etc. Asked to support that item, Mr. Bell, testifying for plaintiff, states that the charges were made "because he (defendant) caused me lots of trouble." He does state in further explanation that he had to record liens against the paved road to protect their rights, but it is not shown what payments were made for having them recorded; so, even though we were inclined to allow for that much of the item, we have nothing on which to base any amount. The entire item was correctly rejected.

The two items which we have concluded should have been allowed amount to the sum of $190.05, and, under its answer to the appeal, plaintiff is entitled to have the judgment amended by increasing the award to that extent.

For the foregoing reasons, it is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the amount awarded from the sum of $77.46 to the sum of $267.51, and that, as thus amended, it be affirmed.